# In the United States Court of Federal Claims
No. 13-414C
(Filed: September 15, 2015)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **ANHAM FZCO,** | * | **Motion for an Enlargement of** |
| d/b/a | * | **Time; RCFC 56(d); RCFC 6(b);** |
| **ANHAM LLC (Dubai),** | * | **Partial Summary Judgment;** |
| | * | **Affidavit or Declaration Required** |
| Plaintiff, | * | **to Request Discovery Prior to** |
| v. | * | **Responding to a Motion for** |
| | * | **Summary Judgment.** |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Eric James Marcotte, Vedder Price, PC, 1401 I Street, NW, Suite 1100, Washington, D.C. 20005, for Plaintiff.

Benjamin C. Mizer, Robert E. Kirschman, Jr., Deborah A. Bynum, and James William Poirier, U.S. Department of Justice, Civil Division, Post Office Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant.

---

## ORDER
---

**WILLIAMS**, Judge.

On August 20, 2015, Defendant filed a motion for a 150-day enlargement of time until February 18, 2016, to respond to Plaintiff's motion for partial summary judgment. Plaintiff opposed the request.

This case involves Defendant's alleged breach of a settlement agreement following Plaintiff's bid protest challenging its exclusion from a procurement for services in Afghanistan. "The agreement provided that the Government should notify Anham within 60 days whether the Government would award a contract to Anham." Def.'s Mot. at 3. "However, the Government did not notify Anham that the Government would not award Anham a contract." Id. As grounds for its lengthy enlargement, Defendant argued that it requires discovery before it can respond to Plaintiff's motion for partial summary judgment, and that the discovery period will end on January 29. Defendant further claimed that there are genuine issues of material fact regarding

liability, and suggested that it might raise defenses of waiver, prior material breach, and forfeiture. Specifically, Defendant may claim waiver because "Anham wanted the Government to continue consideration of its proposals," and may argue that Plaintiff committed a prior material breach by failing to "disclose the subcontractors that Anham planned to use for performance." Def.'s Mot. at 4. Defendant expanded this argument in its Reply, asserting that more discovery is needed "because Anham considered using a different web of subcontractors for any new contract awarded, and it appears that Anham's plans changed substantially" between 2011 and 2012. Def.'s Reply at 3. Defendant suggested that there are questions about Anham's "corporate liabilities" because there are subcontractor entities that "had actually incurred the costs that Anham now claims as damages." Id. at 2-3. Defendant noted that "Anham has made surprising statements [about corporate liabilities] that we do not believe are accurate. We have not yet made a decision concerning whether to file counterclaims based upon such statements because we want to hear Anham's explanations for these statements." Id. at 3. Defendant also argued that proceeding with Plaintiff's motion for partial summary judgment would impede discovery by delaying and disrupting the deposition schedule. Id. at 4.

In its opposition, Plaintiff countered that its motion for partial summary judgment on liability was ripe and that Defendant "fail[ed] to point to a single material fact related to liability that it is still seeking to develop through discovery." Pl.'s Resp. at 1, 3. Plaintiff further argued that the parties have completed substantial discovery all "focused on damages" including Anham's responses to nine requests for production of documents totaling 80,198 pages, seven sets of interrogatories, and one set of requests for admission. Id. at 3-4. Finally, Plaintiff contended that Defendant's "casually identifie[d] legal theories" that it might assert as defenses were no basis for delay, because Defendant was not claiming an inability to respond to material facts supporting Anham's motion for summary judgment. Id. at 4.

**Discussion**

Defendant has requested a five-month extension of time to respond to a motion for partial summary judgment. In seeking such a lengthy extension of time, after the Court[1] granted Plaintiff leave to file a motion for partial summary judgment, Defendant has not invoked the proper procedural vehicle. Under the Rules of the Court of Federal Claims, a Rule 56(d) motion is the appropriate vehicle to request the Court to defer consideration of a motion for summary judgment pending further discovery, not a generalized Rule 6 motion for enlargement of time. Rule 56(d) is specifically directed to the situation at hand – a scenario where a party requires discovery in order to respond to a motion for a summary judgment. In contrast, Rule 6 governs general extensions of any court-ordered deadline. These Rules require markedly different showings to secure a requested extension. Under Rule 6(b), a party must merely establish "good cause" to secure an extension of time – a modest showing that might be met by any legitimate reason for delay. In contrast, Rule 56(d), which governs whether to press forward with a summary judgment motion or permit discovery, sets forth a more onerous standard with particularized requirements. Rule 56(d) provides:

When Facts Are Unavailable to the Nonmovant.

---

[1] This case was reassigned from the Honorable Edward J. Damich to the undersigned on August 26, 2015.

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

To obtain Rule 56(d) relief, a party must satisfy the following five-pronged test:

> (1) Specify the particular factual discovery being sought;
> (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact;
> (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue;
> (4) recite the efforts previously made to obtain those facts; and
> (5) show good grounds for the failure to have discovered the essential facts sooner.

Jade Trading, LLC v. United States, 60 Fed. Cl. 558, 565 (2004) (quoting Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 198 (2003)). The Court will then determine whether the "parties would be better served by pursuing discovery and deferring any dispositive motions until further development of the record." Id. at 566.

Defendant is required to articulate with "some precision" the evidence Defendant hopes to obtain, "how this evidence would likely disclose issues of material fact, and why it is unable to access such evidence without further discovery." Clear Creek Cmty. Servs. Dist. v. United States, 100 Fed Cl. 78, 82 (2011) (quoting Padilla v. United States, 58 Fed. Cl. 585, 593 (2003)); Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1398 (Fed. Cir. 1989). Defendant has failed to meet these requirements here.

This matter, which involves the breach of a single term of a settlement agreement, is progressing at a sluggish pace. Plaintiff filed its original Complaint over two years ago in June, 2013. Discovery has been extended six times. Plaintiff's motion for partial summary judgment on its face appears to present a pure question of law. The motion papers total 16 pages and focus on a term of the agreement that sets forth a maximum 60-day deadline for Defendant to notify Plaintiff whether it had or had not been awarded a contract for services in Afghanistan. Pl.'s Mot. for Partial Summ. J. at 2-12. Specifically, the Settlement Agreement stated that the Government would:

> (iii) Execute a contract, or advise ANHAM that it will not be awarded a contract within forty (40) days from the Effective Date of this Settlement Agreement. Such time period may be extended beyond forty (40) days upon a written, substantiated showing by the United States of good cause, which will be provided to ANHAM. However, in no event shall the time period for an award be extended beyond sixty (60) days from the Effective Date of this Settlement Agreement.

Id. at 3-4.  According to Plaintiff, the effective date of the settlement agreement was September 30, 2011, and the Government breached the contract by responding 81 days after the deadline of November 29, 2011. Id. at 3, 9.  Defendant admitted both that this term of the settlement agreement was accurate and that it did not notify or make an award to Anham by the 60-day deadline.  Compare Compl. at ¶¶ 14, 20 with Answer to Am. Compl. at ¶¶ 14, 20;  see Pl.'s Mot. for Summ. J. Ex. 2 at A13.   Although Defendant has made vague references to potential counterclaims or defenses, it has not pled any after two years of litigation, and had earlier represented that "the basic facts in this case are not disputed."  J. Prelim. Status Report at 4.  Similarly, while Defendant alluded to issues regarding the extent to which Plaintiff suffered damages by virtue of any breach, the question of damages is beyond the scope of Plaintiff's motion for partial summary judgment on liability.  In short, Defendant has not met the standard for Rule 56(d) relief.

## Conclusion

Defendant's motion for an enlargement of time is **DENIED**.

Defendant shall file its response to Plaintiff's motion for partial summary judgment, or any request for Rule 56(d) relief, supported by an affidavit or declaration and comporting with the five factors in Theisen and Jade Trading, by **October 13, 2015.**

        s/Mary Ellen Coster Williams
        **MARY ELLEN COSTER WILLIAMS**
        **Judge**